# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 25-CR-20142-ALTMAN/LETT
18 U.S.C. § 1349
18 U.S.C. § 1343
18 U.S.C. § 1957
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(2)

UNITED STATES OF AMERICA

v.

LESLIE HOWARD ROBERTS,
CARLOS MIGUEL RODRIGUEZ MELENDEZ and
[redacted]

Defendants.
_________________________________________/

FILED BY BM D.C.
Apr 1, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times material to this Indictment:

1. Bank 1 was a financial institution with branches located in the State of Florida whose accounts were insured by the Federal Deposit Insurance Corporation ("FDIC").

2. Bank 2 was a financial institution based in Illinois and whose accounts were insured by the FDIC.

3. Victim 1, Victim 2, and Victim 3 were residents of Miami Beach, Florida.

4. Defendant **LESLIE HOWARD ROBERTS** was an individual who resided in the Southern District of Florida, and who owned Miami Fine Art Gallery, LLC, located at 3180 Commodore Plaza in Miami, Florida.

5. Defendant **CARLOS MIGUEL RODRIGUEZ MELENDEZ** was an individual who resided in the Southern District of Florida.

6. Defendant [redacted] was an individual who resided in the Southern District of Florida.

**COUNT 1**
**Conspiracy to Commit Wire Fraud**
**(18 U.S.C. § 1349)**

1. The General Allegations section of this Indictment is realleged and incorporated by reference as though fully set forth herein.

2. Beginning in or around April 2023, and continuing through in or around May 2024, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**LESLIE HOWARD ROBERTS,**
**CARLOS MIGUEL RODRIGUEZ MELENDEZ, and**
[redacted]

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate and agree with each other, and others known and unknown to the Grand Jury, to commit offenses against the United States, that is, to knowingly and with the intent to defraud, devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

**PURPOSE OF THE CONSPIRACY**

3. It was the purpose of the conspiracy for **LESLIE HOWARD ROBERTS, CARLOS MIGUEL RODRIGUEZ MELENDEZ,** [redacted] and others known and unknown to the Grand Jury, to unlawfully enrich themselves by, among other things: (a) obtaining and misappropriating money from clients of Miami Fine Art Gallery,

including the Victims, by making materially false and fraudulent representations, and by the concealment of material facts, concerning, among other things, the authenticity of the works of art sold; (b) inducing clients of Miami Fine Art Gallery, including the Victims, to transfer funds to the defendants based on misrepresentations including as to the authenticity to the works sold; and (c) diverting the fraud proceeds for their personal use and benefit, the use and benefit of others, and to further the fraud.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which **LESLIE HOWARD ROBERTS**, **CARLOS MIGUEL RODRIGUEZ MELENDEZ**, [redacted], and their co-conspirators sought to accomplish the purpose of the conspiracy included, among other things, the following:

4. **LESLIE HOWARD ROBERTS** sold art from Miami Fine Art Gallery that he fraudulently represented were original pieces created by Andy Warhol.

5. **LESLIE HOWARD ROBERTS** falsely claimed to victims that he acquired the artwork directly from the Andy Warhol Foundation for the Visual Arts ("AWF").

6. **LESLIE HOWARD ROBERTS** provided to Victim 1 fake and fraudulent invoices purportedly from the AWF.

7. To make the fraudulent art appear to be authentic pieces created by Andy Warhol, **LESLIE HOWARD ROBERTS** utilized forged authentication documents that were purportedly provided by the Andy Warhol Art Authentication Board, Inc., and allegedly signed by an authorized representative of such board.

8. **LESLIE HOWARD ROBERTS** utilized fraudulent AWF identification numbers inscribed on the back of artworks, as well as fake stamps, to create the appearance of authenticity.

9. **LESLIE HOWARD ROBERTS** conspired with **CARLOS MIGUEL**

**RODRIGUEZ MELENDEZ,** [redacted], and other co-conspirators known and unknown to the Grand Jury, to falsely represent **CARLOS MIGUEL RODRIGUEZ MELENDEZ** and [redacted] as employees of a New York-based auction company, to fraudulently authenticate artwork in order to conceal that the artwork was not created by Andy Warhol and to further the conspiracy.

10. **LESLIE HOWARD ROBERTS** received over one hundred wire payments from victims as a result of his scheme to defraud.

All in violation of Title 18, United States Code, Section 1349.

**<u>COUNTS 2-8</u>**
**Wire Fraud**
**(18 U.S.C. § 1343)**

1. The General Allegations section of this Indictment is realleged and incorporated by reference as though fully set forth herein.

2. From in or around April 2023 and continuing until in or around May 2024, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**LESLIE HOWARD ROBERTS,**

did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

**<u>PURPOSE OF THE SCHEME AND ARTIFICE</u>**

3. It was the purpose of the scheme for **LESLIE HOWARD ROBERTS** to

unlawfully enrich himself by obtaining money and property from individuals by making materially false and fraudulent pretenses, representations, and promises, and by the intentional concealment and omission of material facts, concerning, among other things, the source and authenticity of certain art purportedly created by artist Andy Warhol.

**MANNER AND MEANS OF THE SCHEME AND ARTIFICE**

Paragraphs 4 through 10 of the Manner and Means from Count 1 of this Indictment are realleged and incorporated by reference as though fully set forth herein as the description of the scheme and artifice.

**USE OF WIRES**

4. On or about the dates specified as to each count below, **LESLIE HOWARD ROBERTS**, did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that they were false and fraudulent when made, for the purpose of executing the scheme and artifice to defraud, and did knowingly transmit and cause to be transmitted in interstate and foreign commerce, by means of wire communication, certain writings, signs, signals, pictures and sounds, as described below:

| Counts | Approximate Date | Description of Execution of the Scheme and Artifice |
|---|---|---|
| 2 | April 17, 2023 | Wire transfer in the amount of $47,000 from Victim 1's bank account at Bank 2 outside the State of Florida, to an account at Bank 1, ending in #8506, an account controlled by **LESLIE HOWARD ROBERTS** in the Southern District of Florida. |
| 3 | December 19, 2023 | Wire transfer in the amount of $196,500 from Victim 1's bank account at Bank 2 outside the State of Florida, to an account at Bank 1, ending in #9006, an account controlled by **LESLIE HOWARD ROBERTS** in the Southern District of Florida. |
| 4 | December 22, 2023 | Wire transfer in the amount of $41,250 from Victim 1's bank account at Bank 2 outside the State of Florida, to an account |

| Counts | Approximate Date | Description of Execution of the Scheme and Artifice |
|---|---|---|
| | | at Bank 1, ending in #9006, an account controlled by **LESLIE HOWARD ROBERTS** in the Southern District of Florida. |
| 5 | December 26, 2023 | Wire transfer in the amount of $100,100 from Victim 1's bank account at Bank 2 outside the State of Florida, to an account at Bank 1, ending in #9006, an account controlled by **LESLIE HOWARD ROBERTS** in the Southern District of Florida. |
| 6 | December 28, 2023 | Wire transfer in the amount of $75,000 from Victim 1's bank account at Bank 2 outside the State of Florida, to an account at Bank 1, ending in #9006, an account controlled by **LESLIE HOWARD ROBERTS** in the Southern District of Florida. |
| 7 | May 21, 2024 | Wire transfer in the amount of $140,000 from Victim 1's bank account at Bank 2 outside the State of Florida, to an account at Bank 1, ending in #9006, an account controlled by **LESLIE HOWARD ROBERTS** in the Southern District of Florida. |
| 8 | May 28, 2024 | Wire transfer in the amount of $60,000 from Victim 2's bank account at Bank 2 outside the State of Florida, to an account at Bank 1, ending in #9006, an account controlled by **LESLIE HOWARD ROBERTS** in the Southern District of Florida. |

In violation of Title 18, United States Code, Sections 1343 and 2.

**COUNTS 9-11**
**Money Laundering**
**(18 U.S.C. § 1957)**

On or about the dates specified below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**LESLIE HOWARD ROBERTS,**

did knowingly engage and attempt to engage in a monetary transaction affecting interstate commerce, by, through, and to a financial institution, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, and knowing that the property involved in the financial transaction represented the proceeds of some sort of unlawful activity, as more specifically described below:

| Counts | Approximate Date | Monetary Transaction |
|---|---|---|
| 9 | December 19, 2023 | Caused a bank account transfer in the amount of $150,000 from a Bank 1 account ending in #9006 in the name of Miami Fine Art Gallery LLC Operating Account to a Bank 1 account ending in #3812 in the name of **LESLIE HOWARD ROBERTS**. |
| 10 | December 26, 2023 | Caused a bank account transfer in the amount of $40,000 from Bank 1 account ending in #9006 in the name of Miami Fine Art Gallery LLC Operating Account to a Bank 1 account ending in #3812 in the name of **LESLIE HOWARD ROBERTS**. |
| 11 | December 28, 2023 | Caused a bank account transfer in the amount of $50,000 from a Bank 1 account ending in #9006 in the name of Miami Fine Art Gallery LLC Operating Account to a Bank 1 account ending in #3812 in the name of **LESLIE HOWARD ROBERTS**. |

It is further alleged that the specified unlawful activity is Wire Fraud, in violation of Title 18, United States Code, Section 1343.

In violation of Title 18, United States Code, Section 1957.

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **LESLIE HOWARD ROBERTS**, has an interest.

2. Upon conviction of a violation of, or a conspiracy to violate, Title 18, United States Code, Section 1343, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offenses, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. Upon conviction of a violation of Title 18, United States Code, Section 1957, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

4. The property subject to forfeiture as a result of the alleged offense includes, but is not limited to, a sum of money equal in value to the total amount of funds involved in or derived from the alleged offenses, which may be sought as a forfeiture money judgment.

5. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party:

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and the procedures set forth at Title 21, United States Code, Section 853 as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL

[redacted]

FOREPERSON

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

LINDSEY LAZOPOULOS FRIEDMAN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA** — **CASE NO.: 25-CR-20141-BECERRA/TORRES**

v.
LESLIE HOWARD ROBERTS,
CARLOS MIGUEL MELENDEZ, and
[redacted] /
Defendants.

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) ____
Number of New Defendants ____
Total number of new counts ____

**Court Division** (select one)
☑ Miami ☐ Key West ☐ FTP
☐ FTL ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.
3. Interpreter: (Yes or No) Yes
   List language and/or dialect: Spanish
4. This case will take 7 days for the parties to try.
5. Please check appropriate category and type of offense listed below:

| (Check only one) | | (Check only one) |
|---|---|---|
| I | ☐ 0 to 5 days | ☐ Petty |
| II | ☑ 6 to 10 days | ☐ Minor |
| III | ☐ 11 to 20 days | ☐ Misdemeanor |
| IV | ☐ 21 to 60 days | ☑ Felony |
| V | ☐ 61 days and over | |

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge ____ Case No. ____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Judge ____ Magistrate Case No. ____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge ____ Case No. ____
9. Defendant(s) in federal custody as of ____
10. Defendant(s) in state custody as of ____
11. Rule 20 from the ____ District of ____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No
14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

By: ____
Lindsey Lazopoulos Friedman
Assistant United States Attorney
FL Bar No. 091792

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**: LESLIE HOWARD ROBERTS

**Case No**: ______

Count #: 1

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349

*** Max. Term of Imprisonment: 20 years**
*** Mandatory Min. Term of Imprisonment (if applicable): None**
*** Max. Supervised Release: 5 years**
*** Max. Fine: $250,000 or Twice the Gross Gain or Twice the Gross Loss**

Counts #: 2–8

Wire Fraud

Title 18, United States Code, Section 1343

*** Max. Term of Imprisonment: 20 years**
*** Mandatory Min. Term of Imprisonment (if applicable): None**
*** Max. Supervised Release: 5 years**
*** Max. Fine: $250,000**

Counts #: 9–11

Money Laundering

Title 18, United States Code, Section 1957

*** Max. Term of Imprisonment: 10 years**
*** Mandatory Min. Term of Imprisonment (if applicable): None**
*** Max. Supervised Release: 3 years**
*** Max. Fine: $250,000**

***Refers only to possible term of incarceration, supervised release, and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**: CARLOS MIGUEL RODRIGEUZ MELENDEZ

**Case No**: ______________________________

Count #: 1

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349

*** Max. Term of Imprisonment: 20 years**
*** Mandatory Min. Term of Imprisonment (if applicable): None**
*** Max. Supervised Release: 5 years**
*** Max. Fine: $250,000 or Twice the Gross Gain or Twice the Gross Loss**

***Refers only to possible term of incarceration, supervised release, and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** [redacted]

**Case No:**

Count #: 1

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349

*** Max. Term of Imprisonment: 20 years**
*** Mandatory Min. Term of Imprisonment (if applicable): None**
*** Max. Supervised Release: 5 years**
*** Max. Fine: $250,000 or Twice the Gross Gain or Twice the Gross Loss**

***Refers only to possible term of incarceration, supervised release, and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**